Dear Mayor Mayo,
You have requested an opinion of this office regarding whether public funds may be spent on strictly social gatherings for city employees. Your request states that the purpose of these gatherings will be to allow city employees to interact in a social setting to build camaraderie, morale, and team spirit. You state that at most of the gatherings city business will be discussed and a presentation will be made concerning issues relating to city business. Your request states that the food at the gathering will be either hamburgers, sandwiches, fried fish or barbeque.
All questions concerning the use of public funds must be examined in light of La.Const. art. VII, § 14. La.Const. art. VII, § 14(A), provides, in pertinent part, as follows:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
In Board of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, et al., 938 So.2d 11, 2005-2298 (La. 9/6/06) (the"Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. Louisiana Mun. Risk Mgmt. Agency,Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's, 938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, *Page 2 
Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
We are unable to find that a public purpose exists in hosting social gatherings for city employees despite the fact that you believe it likely that at most social gatherings town business will be discussed. Because no public purpose exists, it is unnecessary to continue with the Cabela's analysis. We have not been provided with any evidence that the city would receive anything at all, and certainly not equivalent value, for the funds it would spend providing food for its employees at social gatherings. This conclusion is consistent with past opinions of this office dealing with social functions. See Atty. Gen. Op. Nos. 06-0133, 94-115, 77-1494 and 76-1680.
This is not to say that it is never permissible to provide refreshments to employees. Past opinions of this office have concluded that when there is a public purpose for the meeting, it would be proper to provide refreshments but that "factors such as the overall expense, the location of the meal, the participants and attendees at the meal, the public purpose and public benefit of the meal determine what is reasonable under the circumstances." La. Atty. Gen. Op. No. 02-0125. For example, in La. Atty. Gen. Op. No. 03-0157, this office opined that "serving coffee or soft drinks, and perhaps a moderately priced lunch or snacks to firemen attending an all day workshop would appear reasonable," while "serving meals at brief meetings, particularly meetings that could be scheduled at times other than meal times would appear to be unreasonable." Further, in connection with purchasing food/refreshments with public funds, La. Atty. Gen. Op. No. 90-63 states that "champagne, alcoholic beverages and caviar are unreasonable, but coffee, soft drinks and doughnuts are reasonable." With respect to using public funds to provide meals for the spouses and/or significant others of your employees, this office has consistently found that such an expenditure of public funds is improper and is prohibited by La.Const. Art. VII, Section 14. In accord are Attorney General Opinion Nos. 03-0387, 93-359, 90-519, 89-36, 83-329 and 80-154.
Considering the nature and purpose of the proposed social gatherings, we do not believe public funds may be spent to host these gatherings.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Mayor James E. Mayo Opinion 08-0328 Page 3
 Yours very truly, *Page 3 
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt